EASTERN DIST.
*February*, 1838.

BOWMAN *vs.* FLOWER ET AL.

BOWMAN
*vs.*
FLOWER ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

After five juries have passed upon a case, who knew the parties, witnesses, and localities of the lands in contest, their verdict will not be disturbed, although it is not free from objections, and which, if it were the first one, would be set aside.

This is a petitory action, instituted with a view to recover a small partition of land, and to fix the limits between the premises of plaintiff and defendant. The case has been repeatedly before this court, and all the facts stated, that can shed light on the matter in contest, are reported in the volumes referred to in the opinion of the court below.

There was a verdict and judgment again for the plaintiff, from which the defendants appealed.

*Lobdell* and *Boyle* for the plaintiff.

*Bullard* and *Flower*, contra.

*Carleton*, *J.*, delivered the opinion of the court.

This is a petitory action in which five juries have passed upon the controversy between the parties, and the cause now comes up for the fourth time, by appeal before this court. The history of the case, in its various stages, may be seen in 2 *Martin*, *N. S.*, 267.  3 *Ibid.*, 640, and 7 *Louisiana Reports*, 106.

The contest arises from the difficulty in adjusting the boundary line between the adjoining lands of the litigants, by which the one must lose, and the other gain, thirty superficial acres.

The last verdict of the jury fixed the boundary line as follows : " We, the jury, find for the plaintiff, that the gum on Big Bayou Sarah, established by Isaac Tabor, is the true

EASTERN DIST. corner tree between the tracts of William P. Collins and
*February*, 1838. John Collins, and that the line A B, on Fulsom's survey,
be the true line between the plaintiff and defendant."

BOWMAN
*vs.*
FLOWER ET AL.

From the judgment rendered on this verdict, defendants appealed.

This court remanded the cause for a new trial, in the August term of 1834; it plainly appearing, that if the judgment were confirmed, the appellée would recover more land than was called for by the patent under which he claimed. Nevertheless, the same boundary line has been again fixed by another jury, after a full examination of the subject, with all the lights afforded by the different surveys and testimony of a great number of witnesses heard at the trial.

*After five juries have passed upon a case, who knew the parties, witnesses and localities of the lands in contest, their verdict will not be disturbed, although it is not free from objections, and if it were the first one, would be set aside.*

The objection to the verdict is not, however, entirely removed, nor is the question wholly freed from the obscurity that hovered about it; and were the cause now before us for the first time, we *might* think it our duty to remand it for further investigation. But, were we to send it back again, it is not probable that any nearer approach could be made to the truth.

The jury knew the parties as well as the witnesses whom they saw and heard; and were, moreover, acquainted with the localities of the lands whose limits they were called upon to fix. Possessing as they did, these advantages over the members of this court, we are unwilling, after a full and patient examination of the voluminous testimony that comes up with the papers, to disturb the verdict. It is time there should be an end to the expenses, delays, and harassments of so much litigation in a single cause. *Interest reipublicæ ut sit finis litium.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.